## Case No. 10,750.

### PARKER v. UNITED STATES.
### KENNAN et al. v. SAME.

[Pet. C. C. 262.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

ACTION FOR MONEY HAD AND RECEIVED — WHEN IT WILL LIE—ACCEPTOR OF BILL OF EXCHANGE —IMPRISONMENT UNDER CAPIAS — VENDOR AND PURCHASER—NOTE FOR PURCHASE MONEY — RESCINDING CONTRACTS.

1. An action for money had and received, or money paid, will not lie, by the acceptor of a bill of exchange, who has not paid the same. But the acceptor of a bill of exchange, who at the time of his acceptance had no funds belonging to the drawer, although he has not paid the bill, may sue the drawer if he has done something equivalent to payment; as if he is in confinement under a capias ad satisfaciendum founded on his acceptance.

[Cited in Parks v. Ingram, 22 N. H. 292, 293; Christian v. Keen, 80 Va. 377.]

2. Imprisonment, under a capias ad satisfaciendum, is a satisfaction of the debt as to the defendant.

3. If the vendor of property accept of a note or bill in satisfaction of his debt, he cannot sue his original debtor, provided there was no fraud or unfairness on the part of the vendee.

[Cited in Hutchins v. Olcutt, 4 Vt. 555.]

4. If the vendor, without an agreement to receive the note of the vendee in payment, take such note and transfer it, his right of action on the contract of sale is taken away as long as the note is out of his possession; and he can only sue on the contract, when he gets back the note, and has it in his power to return it to the vendee.

5. It is not a breach of the condition of a bond, given to the United States for the repayment of money which might be advanced, that the officer of the United States, to whom the bond was given, has accepted, but has not paid, orders drawn upon him by the persons to whom, by the terms of the condition, the advances were to be made.

6. What is the law as to rescinding contracts (note).

7. As to the right of an acceptor of a bill of exchange who has not paid the bill, to sue (note).

[In error to the district court of the United States for the district of Pennsylvania.]

This was a writ of error from the district court of Pennsylvania.

In the first case, the declaration filed in the district court was for money had and received, by Parker, to the use of the United States. The facts of Parker's case, as provided on the trial in the district court, and which are equally applicable to both cases, were as follows. On the 9th October, 1813, Callender Irvine, Esq., the commissary general, in behalf of the United States, entered into an agreement, under seal, with the plaintiff in error, Parker, by which it was stipulated, "that Parker should manufacture and deliver, to the commissary general, within twelve months from the 8th of December following, 120,000 yards of woollen kersey, of a certain

---

[1] [Reported by Richard Peters, Jr., Esq.]

quality: 10,000 yards to be delivered per month; Irvine to make an advance of 10,-000 dollars, for which Parker was to give security; the price of the kersey to be one dollar per yard." These were the important parts of the contract. Whilst it was in operation, a verbal agreement was made, between the commissary general and Parker, to substitute gray kerseys for white, at the price of one dollar and twenty-nine cents per yard.

On the 13th October, 1813, Kennan, Reed and Croasdill, plaintiffs in the other writ of error, executed a bond to Irvine, binding themselves as securities for Parker, in any sum not exceeding 10,000 dollars, which should be advanced to him by the commissary general, under the above contract of the 9th of October. On the 9th of November, 1814, the same persons executed another bond to the commissary general, reciting, that 8,-000 dollars advanced to Parker having been accounted for by him, and only 2,000 remaining unacounted for, they bound themselves as securities for said Parker, in the said sum of 2,000 dollars, and any further sum that might be advanced to him, not exceeding in the whole, 10,000 dollars.

It further appeared, by the evidence given in the district court, that the mode of transacting the business under the above contract was; when a quantity of kerseys was delivered, and after inspection, received by the commissary general, for him to state in writing the quantity so delivered, with the amount due to Parker, and that the same would be paid to him or to his order in thirty days, if the commissary general should be in funds. Two of these acknowledgments of debt, were assigned by Parker, one to Thorp, Siddall and Company, for 5,526 dollars 41 cents; and the other to Reed and Croasdill, for 2,470 dollars 67 cents, which being presented by the indorsees to the commissary general were verbally accepted, "to be paid when in funds." No part of the above orders, except the sum of 1,002 dollars 45 cents of the one in favour of Thorp, Siddall and Company, had been paid.

By the account stated by the commissary general, which was exhibited in the district court, it appeared, that Parker commenced the performance of the contract, on the 18th of October, 1813; and continued to deliver large quantities of kersey, until the 31st of January, 1815. He is then debited with considerable sums, advanced to him by the commissary general; and upon the whole, a balance is stated against him of 2,559 dollars 50 cents; for which a verdict was rendered. But on the debit side of this account, are found the above orders in favour of Thorp, Siddall and Company, and Reed and Croasdill; which it is admitted by the United States, have not been paid; and if these items were improperly given in evidence in this action, then it is admitted that the United States ought not to have recovered, as those orders exceed the sum claimed on their behalf, as the balance of their account. The charge of the district judge, being in favour of the United States, that this action was well brought, an exception was taken to the opinion, on which a writ of error was sued out.

For the plaintiffs in error, the following points were made:

First. The action should have been covenant on the agreement of the 9th of October, 1813: the subsequent parol contract, changing the written contract, as to the price and the kind of kerseys, made no difference; it was ingrafted, necessarily into the original contract. An action for money had and received, cannot be brought, where the contract is in part performed, and where the contract is still open. 1 Doug. 23, 24; 2 East, 145.

Second. If there was no necessity for bringing covenant on the above contract, then the advances made to Parker, constitute him a debtor to the United States, by simple contract; which debt was extinguished by the bond given by Kennan, and Reed and Croasdill, on the 8th of November. It is true, that generally speaking a simple contract debt by one person, cannot be extinguished by a security of a higher nature, given by a third person; yet it will be, if such security was contemplated by the original contract, as was the fact in this case. 2 Leon. 110; 4 Coke, 446.

Third. The United States not having paid their acceptances, no action can be maintained by them, for the amount of those acceptances; even, the giving of a note of hand, would not be a satisfaction, unless it was received as such. [M'Kim v. Riddle] 2 Dall. [2 U. S.] 100; 1 Dall. [1 U. S.] 216.

Mere responsibility is no ground of action. 3 Wils. 262; Id. 346; Co. Bankr. Law, 202; 3 Wils. 130, 528; 2 W. Bl. 840. In this case, the acceptance was not even absolute, but conditional, "to pay when in funds;" and it does not appear that the contingency has happened.

For the United States it was answered, on the first point: though there be a covenant under seal, yet if there be a verbal promise to pay the balance on an account struck, assumpsit will lie. 1 Chit. Pl. 113; 5 Bos. & P. 148; 2 Term R. 483; 1 Term R. 133.

In this case, Parker wrote to the commissary general for a copy of his account; and after receiving it, he offered to find security for the balance stated against him, if the commissary general would order him to be discharged from confinement.

Second. The present case is within the general principle, as acknowledged on the other side. 3 Bac. Abr. 106, 107, tit. "Extinguishment," D.

Third. It makes no difference, that the acceptances were conditional (3 Wils. 9; Chit. 80); though the acceptances have not been paid by the United states, yet their amount has been received by the indorsee, or payee, and the acceptances are still outstanding. In

such a case, an action for money had and received will lie. 5 Term R 513; [Harris v. Johnston] 3 Cranch [7 U. S.] 311; Co. Bankr. Law, 201. [See Case No. 15,521.]

C. J. Ingersoll, Dist. Atty., for the United States.

J. R. Ingersoll, for Parker.

Mr. Hallowell, for Kennan et al.

WASHINGTON, Circuit Justice. It is contended for the plaintiff in error, Parker, that an action for money had and received will not lie, to recover a balance formed by these acceptances, because the same have not been paid; and consequently the balance is not in favour of, but is against the United States. Other points have been made, which need not be decided.

It is admitted by the counsel for the United States, that no case precisely like the present is to be found in the books; that is, of an action for money had and received, brought by the acceptor of a bill of exchange, or the maker of a note, before the same has been paid; and I confess I should be greatly surprised, if any decision to sanction such an action could be met with. If there be any case, in which responsibility to pay money, has been decided to afford a ground of action for money had and received, I have never met with it. Responsibility merely, may entitle the party to an action, but not to this form of action. It was never yet heard of, that the acceptor of a bill of exchange, without funds of the drawer in his hands, was allowed to sue the drawer, without proving that he had paid the bill, or done something equivalent thereto; as that he is in execution for the same, under a capias ad satisfaciendum, which as to him, is a satisfaction. The cases are all the other way. 1 Doug. 249; 3 Wils. 18; Greenleaf v. Smith (in this court); 3 Wils. 262, 346, 528; 2 W. Bl. 840.

If responsibility by acceptor, amount to anything, the responsibility of the drawer is a fair set off against it, as there is no doubt, but that he is liable to the holder of the bill, if it be not paid by the acceptor.

The cases cited at the bar, in support of this action, are totally inapplicable. If the vendor of property accept of a note or bill, in satisfaction of his debt, he is paid by his own agreement, and will not be allowed to sue for his original debt, in derogation of that agreement; provided there was no fraud or unfairness on the part of the vendee; as if the bill was drawn on a person not having funds. So, if without an agreement to receive the note in satisfaction, the vendor transfer the note, he thereby exposes the vendee to a responsibility to pay the same to the holder; which as long as it continues is a

bar to an action against him upon the original contract; because otherwise he might be twice charged for the same debt. Besides the assignment of the note, is so far a satisfaction received from the indorsee, that the vendee cannot sue upon the original contract, unless he gets back the note and has it in his power to return it to the vendee. In short, he cannot have the benefit of the security, which he received as a conditional payment, and at the same time insist to be paid the debt for which that security was given. But these cases, do by no means decide, that the drawer of a bill of exchange, is a receiver of the amount of it to the use of the acceptor, before the same is paid.

But it is contended, by the counsel for the United States, that this action will lie, because, after seeing the account in which these items are debited, Parker acknowledged the balance for which the verdict was given to be due. It would be a sufficient answer to this argument, to observe, that if without payment of the orders to the payees, Parker was not liable in law to pay their amount to the United States, his promise would not bind him; although it were admitted, that he knew at the time, that the orders had not been paid. But the truth is, that these items were so charged in the account, that Parker upon inspecting it, might well have supposed that these orders had been paid.

The action against Kennan, and Reed and Croasdill, is debt, upon the before mentioned obligation of the 9th of November, 1814. The principles laid down in the case of Parker v. U. S., go fully to decide this.

The obligation was given to secure the payment of any sums, which might be advanced to Parker by the United States, not exceeding 10,000 dollars; for as to the 2,000 dollars, remaining unaccounted for, on the day this bond was given, it was immediately afterwards discharged by the delivery of the kerseys. The two orders, mentioned in the above opinion, having been accepted but not paid, the amount of them cannot be said to have been advanced, either in law, or in fact; and of course the breach laid in the declaration is not supported.[2]

These judgments must both of them be reversed and entered for the plaintiff in error.[3]

---

[2] See the following cases: Giles v. Edwards, 7 Term R. 181; [Young v. Preston] 4 Cranch [8 U. S.] 239; 5 East, 249, as to rescinding contracts. The first case states, that though in part performed, it may be rescinded; and the last case says it cannot, unless the party can be placed in statu quo. See 3 Esp. 82.

[3] If the acceptor has no funds of drawer, he has his remedy against the drawer if he pay the bill, or do something equivalent, as being in prison under a capias ad satisfaciendum. 3 Wils. 18; Chit. Bills, 203; 1 Doug. 249.